UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LENIN MOREL, <br><br>           Movant, <br>        -v- <br><br> UNITED STATES OF AMERICA, <br><br>           Respondent. | 16 Civ. 5810 (PAE) <br><br> 11 Cr. 1032-54 (PAE) <br><br> <u>ORDER</u> |

PAUL A. ENGELMAYER, District Judge:

  The Court has reviewed the *pro se* petition of Lenin Morel for relief pursuant to 28 U.S.C. § 2255 (Dkt. 1 in 16 Civ. 5810). For the reasons that follow, the Court denies Morel's petition as meritless.

  1. Morel challenges his sentence as unlawful under *Johnson v. United States*, 135 S. Ct. 2551 (2015). *Johnson*, however, has no bearing here, on either Morel's conviction or his sentence.

  2. *Johnson* held void for vagueness the residual clause definition of the term "crime of violence" as used within 18 U.S.C. § 924(e)(2)(B)(i), a firearms statute. Morel, however, did not plead guilty to violating the firearms statute addressed in *Johnson*, or indeed a firearms statute at all. Rather, Morel pled to Count One of Indictment S5 11 Cr. 1032 (PAE), which charged Morel and numerous other members and associates of the Bronx Trinitarios Gang with participating in a racketeering conspiracy, in violation of 18 U.S.C. § 1961(c). That offense does not contain as an element that the defendant participated in a "crime of violence," or, for that matter, a residual clause along the lines held problematic in *Johnson* and its progeny.

3. *Johnson* also does not supply a basis for Morel to challenge his sentence. Morel was sentenced to a sentence of 262 months imprisonment, based, among other things, on his admission to having participated in the murder of Miguel Perez. That sentence was within the advisory guidelines range as calculated by the parties and the Court. The record immediately available to the Court does not reflect that any guidelines provision with language tracking that in *Johnson* played any role in the calculation of Morel's advisory guidelines range. Regardless, the Supreme Court has declined to extend *Johnson* to identically worded language in the advisory Sentencing Guidelines. *See Beckles v. United States*, 137 S. Ct. 886, 890 (2017). That is because "the Guidelines are not subject to a vagueness challenge under the Due Process Clause" because "the advisory guidelines do not fix the permissible range of sentences . . . [but] merely guide the exercise of a court's discretion in choosing an appropriate sentence within the statutory range." *Id*. at 892. Therefore, *Johnson* does not afford any basis for sentencing relief for Morel.

4. In the course of reviewing Morel's petition, the Court has, more generally, reviewed the record of Morel's plea and sentencing, mindful of Morel's later request (Dkt. 3 in 16 Civ. 5810) to the Clerk of Court to be sent the transcript of his guilty plea and the docket sheet. The Court has not found any infirmity in any proceedings in Morel's case.

The Clerk of Court is respectfully directed to close this case.

The Court declines to issue a certificate of appealability and certifies that any appeal from this order would not be taken in good faith; therefore, *in forma pauperis* status is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

SO ORDERED.

_____
PAUL A. ENGELMAYER
United States District Judge

Dated: November 14, 2019
       New York, New York